UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILEY RIVERA DE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:18-cv-2750-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 19. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. Background

Plaintiff filed an application for SSI, alleging that she had been disabled since January 1, 2010. Administrative Record ("AR") at 188-93. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 114-18, 124-30. A hearing was subsequently held before Administrative Law Judge ("ALJ") Christopher Knowdell. *Id.* at 55-84.

/////

1

On October 18, 2017, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id.* at 16-27. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since February 17, 2015, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: lumbar spine degenerative disc disease; anxiety disorder; and cognitive disorder (20 CFR 416.920(c)).

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except: can perform postural activities on an occasional basis; capable of simple and detailed tasks but not complex tasks.

\* \* \*

5. The claimant is capable of performing past relevant work as a Title Clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

\* \* \*

6. The claimant has not been under a disability, as defined by the Social Security Act, since February 17, 2015, the date the application was filed (20 CFR 416.920(f)).

*Id.* at 18-26.

Plaintiff's request for Appeals Council's review was denied on December 14, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 1-6.

II. <u>Legal Standards</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   Analysis

Plaintiff raises two principal arguments. First, she argues that the ALJ's finding that she can perform light work is not based on substantial evidence. Second, she argues that the ALJ erred in finding that she was able to perform simple and detailed tasks. As discussed below, remand is warranted based on the first argument. Accordingly, the court declines to reach plaintiff's remaining argument.

In between the third and fourth steps of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4). The RFC is the most the claimant can do despite her physical and mental limitations. 20 C.F.R. § 416.945(a)(1). In assessing a claimant's RFC, the ALJ is required to consider all relevant evidence, including plaintiff's testimony and opinions from medical sources. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.") (internal quotations omitted). The ALJ, and not a physician, is responsible for determining a claimant's RFC. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Here, as discussed below, three different physicians rendered opinions as to the plaintiff's RFC, but it appears that the ALJ reviewed a subsequent MRI and arrived at his own medical opinion on the matter.

In May 2015, plaintiff underwent a comprehensive internal medicine evaluation, which was performed by Dr. Jonathan Schwartz. AR 671-74. Based on an examination, Dr. Schwartz opined that plaintiff could perform medium work with frequent, but not constant, stooping and crouching. *Id.* at 674. In the following months two non-examining physicians, Dr. Amon and Dr.

4

Acinas, reviewed plaintiff's medical records, including Dr. Schwartz's report. *Id*. at 94-95, 110-11. Based on their review, both physicians opined that plaintiff could perform medium work with only occasional postural activities. *Id*.

In assessing plaintiff's RFC, the ALJ afforded some, but not full, weight to the opinions of Dr. Schwartz, Dr. Acinas, and Dr. Amon. *Id*. at 23. All three rendered their opinions in 2015. For that reasons, the ALJ noted, none of these physicians were able to review the results of a 2017 MRI "when determining the claimant's residual functional capacity." *Id*. That MRI showed a left paracentral disc herniation at L4-5, which was displacing and compressing the left L5 nerve. *Id*. at 824. In light of this new medical evidence, the ALJ concluded that "the opinions of these three physicians is [sic] only partially consistent with the full medical evidence of record."[2] *Id*. at 23.

Ultimately, the ALJ concluded that plaintiff had the RFC to perform light work with occasional postural activities. But the ALJ's decision does not identify the specific evidence that supported that determination. For instance, the ALJ did not specifically find that plaintiff's daily activities demonstrate an ability to perform light work on a sustained basis. The only logical inference is that the ALJ concluded that the 2017 MRI reflected that plaintiff was more limited in 2017 than she was at the time Dr. Schwartz, Dr. Acinas, and Dr. Amon provided their opinions. Thus, it appears the ALJ limited plaintiff to light, rather than medium, work based on the 2017 MRI results.

There was nothing inappropriate in noting that the 2017 MRI might alter medical opinions that were not informed by the MRI. But the ALJ went beyond that. His approach was to use the 2017 MRI to find that the plaintiff's RFC is more limited than the opinions expressed by the three physicians in 2017, but not so limited as to preclude light work, and on that basis, find plaintiff not disabled. The problem with that approach is that the ALJ is not a medical expert and is

---

[2] The record also contains a June 2017 opinion from plaintiff's treating physician, Dr. Hopkins, who opined that plaintiff was not able to work due back and neck pain. AR 858. Dr. Hopkins further stated that he expected resolution of plaintiff's back and neck problems by November 2017 *Id*. The ALJ rejected this opinion because it lacked a description of plaintiff's specific functional limitations and failed to establish a disability expected to last more than 12 months. Plaintiff has not challenged the ALJ's rejection of this opinion.

5

"simply not qualified to interpret raw medical data in functional terms . . . . " *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ should not make his "own exploration and assessment as to claimant's physical condition."); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *cf. Tawnya T. v. Saul*, 2019 WL 4422680, at *2 (C.D. Cal. July 9, 2019) ("It appears that, having rejected all the medical opinions, the ALJ formulated his own opinion as to the impact of Plaintiff's medical condition on her ability to function. Although an ALJ need not adopt the RFC opined by any particular physician, he must base his finding on some competent evidence. Here, the ALJ impermissibly substituted his own opinion for that of the physicians.") (citation omitted). The harm here is that record is not supported by a competent medical opinion as to the plaintiff's RFC in light of the 2017 MRI. The ALJ was not permitted to formulate his opinion as to how plaintiff's herniated disc and compressed nerve impacted her ability to function. Instead, he was required to retain a medical expert to evaluate the MRI results.

Furthermore, the court cannot find that the ALJ's error was harmless. *See Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1071 (9th Cir. 2010) ("[E]ven if the ALJ erred, we will uphold the decision so long as the error was harmless."). The ALJ's decision does not identify any evidence in the record showing that plaintiff remained able to perform light work despite her herniated disc and compressed nerve. For example, the ALJ did not find that plaintiff's daily activities demonstrated an ability to perform light work. Instead, the ALJ concluded that the 2017 MRI reflected a worsening in plaintiff's functional abilities, but that plaintiff still maintained the ability to perform light work. The ALJ, however, failed to identify any evidence in the record supporting that conclusion. Accordingly, the court cannot find that the ALJ's RFC determination is supported by substantial evidence.

Accordingly, the matter must be remanded for proper consideration of the medical evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a
/////

rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: April 7, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE